GRACEY, JUDGE:
Claimants brought this action to recover compensation for personal injuries which she received when her automobile was struck by rocks on West Virginia Route 60. She alleges negligence on the part of respondent in its maintenance of the hillside adjacent to Route 60. She seeks $10,000.00 as her damages.
Respondent contends that there had been no problems with rock fails in this area of Route 60 and further that respondent was not performing any work in this area which would *7 have caused a rock fall.
Claimant testified that she was operating her 1974 Plymouth on West Virginia Route 60 East in Huntington, West Virginia on March 7, 1988. Route 60 is a four-land highway in this area. She noticed a tree coming from the hillside to her left, but she was unable to avoid hitting it as there were vehicles in the other lanes of travel. Rocks came off of the hillside and struck her automobile. She sustained injuries to her neck and head for which she was treated at St. Mary's Hospital in Huntington, West Virginia. The automobile was damaged beyond economical repairs. Claimant still experiences headaches as a result of her injuries.
The testimony established that this area of Route 60 experiences rock falls on occasion, but the berm is ten to fifteen feet wide. The rocks fall onto the berm and remain there until respondent's employees clean the area. There had been routine maintenance performed in this area in November 1987. Respondent's Assistant District Maintenance Engineer, Ivan B. Browning, testified that respondent had not performed any work on this particular hillside on or before March 7, 1988, the date of this incident. He traveled this route daily and noticed rocks in the berm area, but rocks had not fallen onto the highway.
A geologist for respondent, Glenn R. Sherman, testified that the cut in this area of Route 60 is approximately fifteen years old. In his opinion, weathering of the shale beneath the sandstone on the cut caused the rockslide. This condition would not have been detected in a routine inspection as there were trees between the rockfall and the road, and the slide area was some 70 feet above the roadway.
After reviewing all of the evidence in this claim, the Court is of the opinion that negligence on the part of respondent has not been established. Respondent did not have actual or constructive notice that a rockfall would occur. See Stout vs. Dept. of Highways, Opinion issued February 19, 1986. Therefore, the Court is of the opinion to, and does, deny this claim.
Claim disallowed.